**William E. BUTLER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 23881.**

United States Court of Appeals
Fifth Circuit.

Nov. 4, 1968.

Dean A. Andrews, Jr., New Orleans, La., for appellant.

George P. Haud, Jr., Asst. U. S. Atty., New Orleans, La., for appellee.

Before COLEMAN and MORGAN, Circuit Judges, and HUNTER, District Judge.

PER CURIAM:

Appellant was convicted on a twenty three count indictment charging inter-

state travel in aid of a racketeering enterprise, 18 U.S.C.A. § 1952. He was also convicted on an additional count charging a conspiracy to violate the statute. A co-defendant pleaded guilty to all counts and testified for the prosecution.

On this appeal, industrious counsel has fired all barrels at all possible targets, moving or not moving, real or imaginary. Nevertheless, we can find no merit in the fusillade and the judgment is affirmed.

For the benefit of the record, appellant complains of the following, now enumerated in the order of appearance in the brief:

■ 1. The indictment is not "a plain, concise, and definite written statement of the essential facts constituting the offense charged" as required by Rule 7(c) of the Federal Rules of Criminal Procedure. We find to the contrary. The indictment was sufficient to inform the accused of the offense charged so as to permit him to make his defense and was sufficiently specific to meet the needs of any future defense of prior jeopardy, Schnautz v. United States, 5 Cir., 1959, 263 F.2d 525.

■ 2. The grand jury which returned the indictment was improperly selected. No proof was offered that any class was excluded or that the grand jury was not legally drawn from a representative cross section of the community.

■ 3. Prospective jurors and witnesses sat on the same side of the court room. There was no proof of any communication between or among these individuals. Therefore, the ruling of the trial court that this caused no prejudice must be upheld.

■ 4. The opening statement of the prosecution did not "set out the crimes charged nor * * * facts/proof in relation thereto". The trial record shows the contrary to be true. Moreover, we must remind the appellant that even had inadequacies existed such would not require a dismissal of the prosecution be-

cause the evidence presented was adequate to support the verdict of the jury, United States v. Greenberg, 2 Cir., 1959, 268 F.2d 120; Cody v. United States, 9 Cir., 1934, 73 F.2d 180.

5. Appellant should have been prosecuted for a violation of the Mann Act instead of the offense here charged. The sole question for our consideration is the validity of the conviction for the offense actually charged.

6. Defendant was entitled to a judgment non obstante verdicto. What we have already said is dispositive of this contention.

7. Unfair and prejudicial comments of the trial judge. Upon examination, these contentions merit no discussion in this opinion.

8. The Court erred in its instructions to the jury. Again, without merit.

Affirmed.