**Raymond M. THOMPSON, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 25581.**

United States Court of Appeals
Fifth Circuit.

Nov. 15, 1968.

Milton E. Grusmark, Miami Beach, Fla., for appellant.

Morton Orbach, Asst. U. S. Atty., Michael J. Osman, Asst. U. S. Attys., William A. Meadows, Jr., U. S. Atty., by William A. Daniel, Jr., Asst. U. S. Atty., Miami, Fla., for appellee.

Before JOHN R. BROWN, Chief Judge, THORNBERRY, Circuit Judge, and TAYLOR, District Judge.

PER CURIAM:

Appellant, convicted below of transferring marihuana without having paid the tax thereon [26 U.S.C.A. § 4744(a)(1)] and transferring marihuana without a written order of the Secretary of the Treasury [26 U.S.C.A. § 4742(a)], complains that (1) the trial court erred in failing to strike "reputation" testimony presented by the Government, or alternatively, to grant defendant's motion for mistrial, (2) the trial court erred in denying defendant's motion for acquittal made after Government rested its case and (3) that 26 U.S.C. § 4744 is unconstitutional.

Entrapment, which presupposes an admission that defendant committed the act charged as a crime, was asserted as a defense in defendant's motion for acquittal. Defendant testified in his own behalf after the court overruled such motion.

■ In order to show a predisposition on the part of defendant to commit the offense the Government called Brownard County Deputy Sheriff Charles Peart in rebuttal, who testified that he knew defendant's reputation in the community regarding narcotic and drug activities and that such reputation was that he was a narcotic peddler. When it appeared that such knowledge of reputation was gleaned by the witness from the police department of Fort Lauderdale and information obtained from informants defendant moved for a mistrial, asserting his Sixth Amendment right to be confronted by the witnesses against him and also that such testimony was hearsay on hearsay. These contentions are without merit. Washington v. United States, 275 F.2d 687 (5 Cir., 1960).

■ Defendant's contention that the evidence was insufficient to justify conviction is also without merit. In this Circuit, when a defendant in a criminal case, after denial of a motion for acquittal after the close of the Government's case, introduces evidence in his own behalf, his motion is abandoned and the case is before this Court for review upon all the evidence and the entire record. T'Kach v. United States, 242 F.2d 937

(5 Cir.1957). On this record the evidence is sufficient.

 Defendant's final contention that 26 U.S.C.A. § 4744 requires a defendant to incriminate himself and is therefore unconstitutional is also without merit, this contention having been recently rejected by this court in Leary v. United States, 392 F.2d 220 (5 Cir.1968) (cert. granted).

Affirmed.