**Adolfo ROCHA, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 25832.**

United States Court of Appeals
Fifth Circuit.

Sept. 27, 1968.
Certiorari Denied Feb. 24, 1969.
See 89 S.Ct. 905.

Britt Whitaker, Tampa, Fla., for appellant.

Robert B. McGowan, Asst. U. S. Atty., Tampa, Fla., for appellee.

Before TUTTLE, COLEMAN, and MORGAN, Circuit Judges.

PER CURIAM:

A jury convicted the appellant of selling morphine in violation of § 4705(a), Title 26, United States Code, and he was sentenced to imprisonment for a term of seven years.

An agent for the Florida State Bureau of Narcotics was the sole witness to the alleged sale. He testified that while working undercover in the Tampa area he was introduced to Rocha at his residence by Henry Menendez, a confidential informer for the state bureau. The defendant was asked about narcotics but said that he had none. Subsequently, the agent, accompanied by the informer, returned to the residence and asked Rocha "if he had anything". This was answered in the affirmative and the sale immediately followed.

At the beginning of the trial counsel for the defendant announced to the jury that the defense would be entrapment. The defendant rested his case on the government's proof and now complains that it was reversible error to have admitted testimony from a second state narcotics agent that he had information from a number of sources, including an unnamed informant, that the defendant "was engaged in narcotics activities". Appellant says that this was inadmissible hearsay and that he was constitutionally entitled to the name of this informer. We do not agree.

We must note that the testimony of the purchaser completely negated entrapment; it simply portrayed an opportunity which the defendant quickly embraced. There was no element of overpersuasion or undermining the will of one otherwise disposed to obey the law. Nevertheless, the appellant had asserted entrapment as a defense and the prosecutor decided to meet that challenge without waiting for the appellant to develop his own proof in that respect.

We are of the opinion that under the circumstances of this case the government was not required to identify the source of the report. As to entrapment, prior disposition to commit an offense is a vital element. Reputation in this regard, once the issue is raised, is competent, Washington v. United States, 5 Cir., 1960, 275 F.2d 687. Reputation is that character or status commonly ascribed to a person. This is often the creature of hearsay, regardless of the source. See Hill v. United States, 5 Cir., 1964, 328 F.2d 988, in which "numerous complaints from neighbors" was the dominant cause of the investigation which prompted the conviction and in which defense of entrapment was held to be without merit.

The informer who gave this report to the agent was not a witness to the alleged offense as in Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1956). The appellant's situation more nearly resembles that presented in McCray v. State of Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967) in which it was held that the identity of the informer did not have to be disclosed on an issue of probable cause.

Affirmed.