**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Aubrey Jerald GORDON, Defendant-Appellant.**

**No. 26416.**

United States Court of Appeals Fifth Circuit.

May 16, 1969.

Rehearing Denied June 19, 1969.

J. Charles Whitfield, Jr., Houston, Tex., James R. Gillespie, Fred A. Semaan, San Antonio, Tex., for defendant-appellant.

Richard B. Hardee, U. S. Atty., William Louis White, Asst. U. S. Atty., Tyler, Tex., for plaintiff-appellee.

Before BELL and THORNBERRY, Circuit Judges, and CHOATE, Senior District Judge.

PER CURIAM:

Appellant was the Executive Vice-President of a small FDIC insured bank in Eastern Texas. A multi-count indictment resulted from facts that came to light when the bank was closed at the instance of Texas bank examiners. Appel-

---

lant was convicted for issuing unauthorized expense checks (Counts 1 and 2),[1] embezzling (Count 3),[2] and receiving "fees" in return for making bank loans (Counts 6, 7, 8, and 9).[3] Appellant's motions for acquittal at the close of the government's case were denied and appellant subsequently testified and introduced evidence in his own behalf.

■■ It is the settled rule in this Circuit that when a defendant, after denial of a motion for acquittal at the close of government's case, introduces evidence in his own behalf, his motion is abandoned and the reviewing court may consider all the evidence and the entire record. Thompson v. United States, 403 F.2d 209 (5 Cir. 1968); Montoya v. United States, 402 F.2d 847 (5 Cir. 1968); T'Kach v. United States, 242 F. 2d 937 (5 Cir. 1957). Appellant questions the sufficiency of the evidence. Taking the evidence in the light most favorable to the government,[4] there was ample evidence in the record regarding each count to support the jury's verdict. The jury merely chose to disbelieve appellant's various explanations of the evidence against him.

■ Appellant also asserts that the government is bound by the testimony of the witnesses it called to the stand to the extent that their testimony was favorable to appellant. In Young v. United States, 97 F.2d 200, 117 A.L.R. 316 (5 Cir. 1938), it was said that the introduction by the government of an exculpatory statement of a defendant requires that it be taken as true unless *disproved* beyond a reasonable doubt. In Puryear v. United States, 378 F.2d 29 (5 Cir. 1967), the Court referred to the statement in *Young* as a "doubtful proposition" that had been rejected in other Circuits and that had not required reversal in this Circuit on the two subsequent occasions that it had been mentioned. In any event, the statement in *Young* applies, by its terms, to the

statements of a defendant and not to those of other witnesses. As stated in United States v. Palese, 133 F.2d 600, 603 (3 Cir. 1943),

> [The] rule [that a party is bound by his witness] does not apply to prosecutions in a criminal case, however. In such a case the Government does not necessarily give credence to a witness merely by introducing him, for it is the duty of the prosecution in a criminal trial to produce and use all witnesses within reach of process, of whatever character, whose testimony will shed light on the transaction, whether it makes for or against the accused.

No error being shown, the convictions are

Affirmed.

---

1. 18 U.S.C. § 1005

2. 18 U.S.C. § 656

3. 18 U.S.C. § 215

4. Etheridge v. United States, 380 F.2d 804 (5 Cir. 1967).