**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Samuel C. CASHIO, Defendant-Appellant.**

**No. 27373.**

United States Court of Appeals
Fifth Circuit.

Dec. 9, 1969.

Rehearing Denied Jan. 6, 1970.

Certiorari Denied March 30, 1970.
See 90 S.Ct. 1234.

Sam J. D'Amico, D'Amico, Curet & Bush, John L. Avant, Fred H. Belcher, Jr., James H. Morrison, Baton Rouge, La., Sam Monk Zelden, New Orleans, La., for defendant-appellant.

Louis C. La Cour, U. S. Atty., Horace P. Rowley, III, Asst. U. S. Attys., New Orleans, La., for plaintiff-appellee.

Before GOLDBERG, DYER and CARSWELL, Circuit Judges.

DYER, Circuit Judge:

Cashio appeals from a judgment entered on a jury conviction of four counts for willfully and knowingly making and subscribing false income tax returns in violation of 26 U.S.C.A. § 7206(1). He complains that eleven errors were committed by the trial court, seven of which, however, were not raised before or during the trial. Although he "fired all barrels at all possible targets, moving or not moving, real or imaginary," Butler v. United States, 5 Cir.1968, 402 F.2d 748, 749, we conclude that Cashio's aim was close enough only three times to merit comment but that he never hit the bull's eye. We therefore affirm.

■ After the government rested its case Cashio moved for a judgment of acquittal asserting that there was a failure of proof of an essential element of the crime charged because no evidence had been introduced to prove that the defendant had signed the four income tax returns in question. The motion was denied, and Cashio subsequently testified that he had signed the returns. Cashio argues that we should look only to the Government's evidence at the close of its case to determine whether there was sufficient proof of all of the essential elements of the crime as charged. This argument has no merit because:

"It is the settled rule in this Circuit that when a defendant, after denial of a motion for acquittal at the close of

government's case, introduces evidence in his own behalf, his motion is abandoned and the reviewing court may consider all the evidence and the entire record." (Citations omitted) United States v. Gordon, 5 Cir.1969, 410 F.2d 1121, 1122.

Rule 29(a), F.R.Crim.P. is not to the contrary as Cashio suggests. The rule simply preserves the right of a defendant to offer evidence even though his motion is denied and he has not reserved the right to do so.[1] See 2 C. Wright, Federal Practice and Procedure, § 463 (1969). It is clear, therefore, that we may consider the entire record, including Cashio's admissions. In doing so it is manifest that there was no error in submitting the case to the jury because a reasonably-minded jury might have accepted the relevant evidence as adequate to support a conclusion of Cashio's guilt beyond a reasonable doubt. Sanders and Buschkotter v. United States, 5 Cir.1969, 416 F.2d 194 [August 11, 1969]; Grant v. United States, 5 Cir.1969, 407 F.2d 56; Jones v. United States, 5 Cir.1968, 391 F.2d 273; Lambert v. United States, 5 Cir.1958, 261 F.2d 799.

Even if the rule urged by Cashio—that the reviewing court may look only to the state of the evidence as it existed at the time the motion for judgment of acquittal was denied—were the law in this Circuit, the trial court's denial of the motion would still be sustained.[2] There was sufficient evidence to take the case to the jury even before Cashio admitted that the signatures were his.

Cashio's name was signed to each of the four tax returns that had been of-

---

1. The Advisory Committee Note to Rule 29(a) when originally promulgated said in pertinent part: "3. The purpose of the third sentence is to remove the doubt existing in a few jurisdictions on the question whether the defendant is deemed to have rested his case if he moves for a directed verdict at the close of the prosecution's case. The purpose of the rule is expressly to preserve the right of the defendant to offer evidence in his own behalf, if such motion is denied. This is a restatement of the prevailing practice, and is also in accord with the practice prescribed for civil cases by rule 50(a) of the Federal Rules of Civil Procedure."

2. We do not, by embarking upon this discussion, intend to question the least bit the rule of United States v. Gordon, *supra.* Our purpose is merely to show that the trial judge was correct in denying the motion for judgment of acquittal at the time of his ruling.

fered by the government and received in evidence.

█ It was undisputed that the genuine signature of Cashio appeared on other documents that were in evidence. Without more, the jury was entitled to make a comparison of the handwriting of Cashio known to be genuine with the signature appearing on the returns and decide whether Cashio had signed the returns. Strauss v. United States, 5 Cir.1963, 311 F.2d 926, cert. denied 373 U.S. 910, 83 S.Ct. 1299, 10 L.Ed.2d 412; Dean v. United States, 5 Cir.1917, 246 F. 568. In addition, the Government's case was bolstered by a rebuttable presumption that, since Cashio's name was signed to the returns, they were actually signed by him. 26 U.S.C.A. § 6064.[3] We disagree with Cashio's contention that the presumption created by statute is confined to civil cases. The statute explicitly creates a rebuttable presumption "for all purposes." *See* United States v. Wainwright, 10 Cir.1969, 413 F.2d 796; Desimone v. United States, 9 Cir.1955, 227 F.2d 864.

Cashio, relying on Holland v. United States, 5 Cir.1957, 245 F.2d 341, next contends that the trial court should have given his requested charge which stated in substance that evidence of good character standing alone may create a reasonable doubt as to a defendant's guilt. The trial judge, however, charged that:

> The jury might give much weight to evidence of good character, bearing in mind that evidence of good character, when considered with all of the other evidence, may be sufficient in itself to create a reasonable doubt of guilt. In arriving at your verdict, you must consider all of the evidence in the case.

█ Although the instruction requested by Cashio has been approved by the Seventh and District of Columbia Circuits, all of the other Circuits, including the Fifth, have held that the instruction given by the District Court was correct.[4] Carnley v. United States, 5 Cir.1960, 274 F.2d 68; Moore v. United States, 5 Cir.1958, 254 F.2d 213; Grace v. United States, 5 Cir.1925, 4 F.2d 658; Le More v. United States, 5 Cir.1918, 253 F. 887.[5] Accordingly the District Court was not in error in refusing to give the instruction requested by Cashio.

Cashio moved for a new trial based on a juror's alleged disqualification. It was supported by an affidavit made by a stranger to the litigation to the effect that the juror had met with Cashio between six and eight years before the trial for about fifteen minutes, at which times matters entirely unrelated to the case were discussed. There were also conclusory statements concerning animosity between the parties. The Government responded with a counter-affidavit by the juror in which he denied the conclusory allegations of the initial affidavit. At the hearing on the motion Cashio produced no evidence and the stranger who made the affidavit did not testify. At that hearing Cashio moved to interrogate the juror. Both motions were denied. Cashio asserts that a new trial should have been granted because the juror concealed material facts and because the denial of his motion to interrogate the juror was an abuse of discretion. We disagree.

█ The trial judge found that the juror did not improperly withhold any information, and that the juror did nothing which "constitutes any prejudi-

---

3. 26 U.S.C.A. § 6064 provides:
   The fact that an individual's name is signed to a return, statement, or other document shall be prima facie evidence for all purposes that the return, statement, or other document was actually signed by him.

4. For cases supporting the majority and minority views see Manual on Jury In-

structions—Criminal, 33 F.R.D. 523, 583-585 (1964). The Tenth Circuit, which had followed the minority rule for many years, has recently adopted the majority rule. Oertle v. United States, 10 Cir. 1966, 370 F.2d 719.

5. Holland v. United States, 5 Cir. 1957, 245 F.2d 341, holding *contra* was disapproved and overruled in *Moore supra.*

cial error of any kind in my opinion." A careful review of the record fully supports the Court's finding.[6] Cashio himself did not recognize the juror or recall the meetings.

■■■ Of course prejudice is not presumed. Cashio had the burden of proving prejudice by a preponderance of the credible evidence. Harris v. United States, 9 Cir.1969, 412 F.2d 384; Brown v. United States, 10 Cir.1966, 356 F.2d 230; Lancaster v. United States, 5 Cir. 1930, 39 F.2d 30; United States v. Provenzano, D.N.J.1965, 240 F.Supp. 393, aff'd, per curiam, 353 F.2d 1011, cert. den. 384 U.S. 905, 86 S.Ct. 1340, 16 L.Ed.2d 358. He utterly failed to carry this burden. Nor did the trial court err in denying Cashio's motion to interrogate the juror. At the hearing Cashio produced no witnesses, not even the affiant. In these circumstances we see no reason to require a juror to submit to post trial hearings to test his integrity, especially where the trial judge can decide the motion on affidavits. *Cf.* Glasser v. United States, 1942, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680; United States v. Troche, 2 Cir. 1954, 213 F.2d 401, Rule 47 F.R.Crim.P.

■ Whether a motion for new trial should be granted is a matter within the discretion of the trial court. United States v. Socony-Vacuum Oil Co., 1940, 310 U.S. 150, 60 S.Ct. 811, 84 L.Ed. 1129. Here there was no showing of abuse of discretion, because no prejudice was established.

We have considered and found without merit the other errors asserted by Cashio.

Affirmed.

6. The jury as a whole was asked if they were acquainted with the defendant. The juror stated by affidavit that he did not respond because he interpreted this question to mean socially acquainted and it did not suggest a disclosure of the two brief meetings years before this time. He stated further that he continued to be silent during further interrogation of the

jury because he interpreted the questions *to mean that he knew of no reason why* he could not act as a juror and confine his deliberations and findings to findings of fact in accordance with the court's instructions, and that he knew of no reason why he could not sit as a fair and impartial juror.