**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Charles J. ROBINSON, Defendant-Appellant.**

**No. 71–1062.**

United States Court of Appeals, Fifth Circuit.

July 14, 1971.

Jack N. Rogers, Baton Rouge, La. (Ct. Appt'd), for defendant-appellant.

Gerald J. Gallinghouse, U. S. Atty., Michael Ellis, Mary Williams Cazalas, Patrick C. McGinity, Asst. U. S. Attys., New Orleans, La., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

Charles J. Robinson appeals his conviction for selling depressant drugs without a prescription in violation of 21 U.S.C. §§ 321(v) and 331(q) (2).[1]

---

1. In pertinent part the two code sections reads as follows:

§ 321. *Definitions; generally*
For the purposes of this chapter—
\* \* \*
(v) The term "depressant or stimulant drug" means—
(1) any drug which contains any quantity of (A) barbituric acid or any of the sales of barbituric acid; or (B)

Finding no merit in any of appellant's contentions, we affirm.

Appellant Robinson was a registered pharmacist employed by the Scotland Pharmacy in Scotlandville, Louisiana. On April 10, 1969, Yvonne Bechet, an undercover agent for the Federal Bureau of Narcotics and Dangerous Drugs, went to the Scotland Pharmacy and, without a doctor's prescription, purchased 100 capsules of a depressant drug[2] from Robinson. Similar sales were made by Robinson to agent Bechet on April 17, 1969, and on August 7, 1969.

The federal grand jury returned a three-count indictment charging Robinson with illegally selling drugs on these three occasions. At his trial Robinson admitted the unlawful drug sales and asserted the defense of entrapment. According to Robinson's testimony he was an innocent person who committed the crime only because agent Bechet urged him on and appealed to his humanitarian instincts by relating that she was a prostitute who needed the pills to calm the nervous tension brought about by the rigors of her profession. Agent Bechet denied ever telling this story, and the prosecution argued that in any event, Robinson's humanitarian instincts were suspect in view of the undisputed fact that he charged Bechet three times the normal retail price for the capsules.

The jury accepted the government's version of the facts on Counts II and III of the indictment and rendered a verdict of guilty as charged. As to Count I, involving the drug sale on April 10, 1969, the jury was unable to agree upon a verdict. After a presentence investigation the district judge imposed a three-year prison term on each of the guilty counts, to be served concurrently.

On this appeal Robinson contends that the trial court committed reversible error in allowing two government agents to testify over objection that, prior to the purchases by agent Bechet, the Bureau of Narcotics had reports and complaints from local police departments, the state pharmaceutical board, and wholesale drug houses stating that Scotland Pharmacy was engaging in unlawful drug sales. Such testimony was inadmissible hearsay, Robinson asserts, which deprived him of his right to cross-examine the authors of the various reports.

Appellant's argument disregards the law of this circuit. We have repeatedly held that once the defense of entrapment is raised the government

---

any derivative of barbituric acid which has been designated by the Secretary under section 352(d) of this title as habit forming;

. (2) any drug which contains any quantity of (A) amphetamine or any of its optical isomers; (B) any salt of amphetamine or any salt of an optical isomer of amphetamine; or (C) any substance which the Secretary, after investigation, has found to be, and by regulation designated as, habit forming because of its stimulant effect on the central nervous system; or

(3) lysergic acid diethylamide and any other drug which contains any quantity of a substance which the Secretary, after investigation, has found to have, and by regulation designates as having, a potential for abuse because of its depressant or stimulant effect on the central nervous system or its hallucinogenic effect; except that the Secretary shall not designate under this para-graph, or under clause (C) of subparagraph (2), any substance that is now included, or is hereafter included, within the classifications stated in section 4731, and marihuana as defined in section 4761 of Title 26.

§ *331. Prohibited acts*
The following acts and the causing thereof are prohibited; * * * (q) (2) the sale, delivery, or other disposition of a drug in violation of section 360a(b) of this title.
However, both sections were repealed subsequent to appellant's trial. See P. L. 91–513, Title II, § 701(a), 84 Stat. 1281, Oct. 27, 1970.

2. The specific drugs sold to agent Bechet were sodium secobarbital and sodium amobarbital. Robinson does not contend that these drugs are without the purview of the statute, 21 U.S.C. §§ 321(v) and 331 (q) (2); repealed Oct. 27, 1970, P.L. 91–513, Title II, § 701(a), 84 Stat. 1281.

may introduce hearsay testimony concerning the defendant's past reputation as bearing upon the defendant's predisposition to commit the crime and the reasonableness of the conduct by the government agents. Washington v. United States, 5 Cir., 1960, 275 F.2d 687; Rocha v. United States, 5 Cir., 1968, 401 F.2d 529; Thompson v. United States, 5 Cir., 1968, 403 F.2d 209. Moreover, in the case of Thompson v. United States, supra, this court specifically approved the use of reputation evidence in the form of testimony which the witness gleaned from the reports of a local police department. The district court was therefore correct in admitting the testimony concerning Robinson's past reputation for illegally selling drugs.

We have carefully considered each of appellant's other contentions and we hold that they are without merit.

The judgment of the district court is Affirmed.