447 F.2d 956
 UNITED STATES of America, Plaintiff-Appellee,
v.
Augustin Hernandez CABRERA, Defendant-Appellant.
No. 71-1380 Summary Calendar.*
*(1) Rule 18, 5 Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5 Cir.1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Aug. 27, 1971.
 
 Carlos B. Fernandez, Miami, Fla, for defendant-appellant.
 Robert W. Rust, U.S. Atty., Lioyd G. Bates, Jr., Asst. U.S. Atty., Miami, Fla., for plaintiff-appellee.
 Before BELL, AINSWORTH and GODBOLD, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appeal from a non-jury conviction of conspiracy to import cocaine in violation of 21 U.S.C. 174 and the substantive offense of unlawful importation of cocaine in violation of the same section and of 18 U.S.C. 2. There is no merit to appellant's contention that he could not validly be found guilty of conspiracy because the co-conspirators named as codefendants in the indictment were acquitted. He also was charged to have conspired with another person named but not charged as a codefendant, and with unknown persons as well, which is sufficient to support conviction. Rogers v. United States,340 U.S. 367, 375, 71 S.Ct. 438, 95 L.Ed. 344, 350 (1950); Ng Pui Yu v. United States, 352 F.2d 626 (9th Cir. 1965); United States v. Monroe, 164 F.2d 471 (2nd Cir.), cert. denied, 333 U.S. 828, 68 S.Ct. 452, 92 L.Ed. 1113 (1947); Jenkins v. United States, 253 F.2d 710 (5th Cir. 1958). The evidence adequately supports a conviction based on appellant's dealings with the named but not indicted co-conspirator.
 
 
 2
 We have repeatedly rejected, and do so again, the argument that a conspirator may not be convicted on the testimony of an accomplice alone. In any event, there was some corroboration.
 
 
 3
 As to the substantive count, appellant appears to be saying that under the undisputed evidence he could be guilty only as an aider and abettor, and since no principal was convicted his conviction must be set aside, citing Karrell v. United States, 181 F.2d 981 (9th Cir. 1950), but we need not consider this because he was given concurrent sentences within the statutory maximum. United States v. Vigo, 435 F.2d 1347 (5th Cir. 1970).
 
 
 4
 Affirmed.