**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Carl Oslin RAMZY, Jr., Defendant-Appellant.**

**No. 31136
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

July 16, 1971.

Rehearing Denied Sept. 9, 1971.

---

* [1] Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of

New York et al., 5 Cir., 1970, 431 F.2d 409.

Charles W. Tessmer, Dallas, Tex., for defendant-appellant.

Eldon B. Mahon, U. S. Atty., Frank McCown, Asst. U. S. Atty., Fort Worth, Tex., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM, and RONEY, Circuit Judges.

JOHN R. BROWN, Chief Judge:

Dr. Carl Ramzy, convicted of three separate unlawful sales of depressant and stimulant drugs in violation of 21 U.S. C.A. § 331(q) (2), was sentenced to concurrent fifteen month prison terms. Finding no merit in any of his allegations of error, we affirm.

■ Appellant first contends that his status as a doctor of medicine required the indictment to expressly negate the statutory provision exempting "practitioners licensed by law to prescribe or administer depressant or stimulant drugs, while acting in the course of their professional practice." [1] However, under the facts of the case it was clearly the defendant's burden to prove as an affirmative defense that his conduct fell within the legislative exception, and there was no necessity for the indictment to allege that it was not. McKelvey v. United States, 1922, 260 U.S. 353, 357, 43 S.Ct. 132, 134, 67 L.Ed. 301, 304; Tritt v. United States, 10 Cir., 1970, 421 F.2d 928, 929–930; Hockenberry v. United States, 9 Cir., 1970, 422 F.2d 171, 173.

■ Appellant next claims that entrapment was proven as a matter of law because there was no evidence of his predisposition to commit the offenses. We find this contention unpersuasive in light of the testimony of two narcotics agents that Dr. Ramzy was ready and willing to sell when an offer was made, that he justified his high price by stating "there is a lot of risk involved and I won't sell it unless I can make money on it," and that he initiated one of the sales himself by inviting the agent to call him. The jury, following clearly correct instructions from the Court, might have not unreasonably concluded from this and other testimony that the defendant was an ensnared criminal rather than an innocent victim, and we cannot view the evidence to be so clearcut as to preclude such a finding.

■ Nor is there any real substance in the allegation that the Trial Court's instruction to the jury on the entrapment issue was fatally defective because it did not apply the law to the facts and failed to define "inducement" in other than general terms. More accurately, the Judge merely refused to explicitly submit the defensive theory that Dr. Ramzy was coerced into making the sales by the agents' alleged threats of professional ruin and economic loss. The meaning of the term "inducement" is so self-evident that the jury must have interpreted it to include such threats, even without an explicit instruction to that effect, and we cannot conclude that the failure to submit appellant's theory in its entirety was error.

■ Moreover, appellant merely re-orchestrates the same theme by challenging the refusal of a requested instruction on the defense of "economic coercion." Apart from the fact that this is essentially the same attack under a different label, the defense of economic coercion is available only to negative specific intent. When, as here, such intent is not a necessary element of the offense charged, the defense is unavailable. United States v. Barash, 2 Cir., 1966, 365 F.2d 395, 402, following reversal, 1969, 412 F.2d 26, cert. denied, 396 U.S. 832, 90 S.Ct. 86, 24 L.Ed.2d 82.

■ The Trial Court also refused a requested instruction to the effect that the defendant's evidence of good character, standing alone, was sufficient to raise a reasonable doubt as to guilt. Instead, the Court instructed that the jury should acquit if character evidence along with all other evidence in the case created

---

1. 21 U.S.C.A. § 360a(a) (4). This provision was repealed by the Comprehensive Drug Abuse Prevention and Control Act of 1970, P.L. 91–513, § 701(a), effective October 27, 1970.

a reasonable doubt as to the defendant's guilt. Such an instruction is plainly consistent with our holding in United States v. Cashio, 5 Cir., 1970, 420 F.2d 1132.

■ An attack on the refusal to instruct on the presumption arising from the government's failure to call witnesses is likewise without merit. At best the testimony of these witnesses would have been remote and cumulative of other evidence, and in any event they were available to the defendant and could have been called to testify had he so desired.

■ The claim that error resulted from the exclusion of defense testimony regarding a conversation that took place a few days after the defendant's arrest borders on the frivolous, since it was clearly inadmissible hearsay.

■ Finally, we reject the argument that the defense was prejudiced by the denial of access to a small portion of the government's file. The Trial Court, in fact, was extraordinarily generous in its allowance of discovery, and after examining the excluded material we have found that it contains nothing that could possibly have materially aided the defendant in the preparation of his case.

Affirmed.