UNITED STATES of America,
Plaintiff-Appellee,

v.

Claude P. BLANCHETTE et al.,
Defendants-Appellants.

No. 71–1651
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 4, 1972.

Rehearings Denied Jan. 27 and
Feb. 1, 1972.

William M. Murphy, Ft. Worth, Tex. (Court-appointed), for Blanchette.

Geo. T. Morris, Ft. Worth, Tex. (Court-appointed), for Hunter.

Charles D. Yarborough, Ft. Worth, Tex. (Court-appointed), for Wilmoth and Hardin.

Eldon B. Mahon, U. S. Atty., W. E. Smith, Alex McGlinchey, Claude D. Brown, Asst. U. S. Attys., Ft. Worth, Tex., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Blanchette, Hardin, Wilmoth, and Hunter were found guilty by jury verdict of conspiracy to possess, conceal, and forge United States Postal Money Orders, knowing them to be stolen, in violation of 18 U.S.C.A. § 171. Blanchette and Hardin were also convicted under the same indictment of the substantive offense of receiving stolen money orders in violation of 18 U.S.C.A. § 641. We affirm.

The primary contention of each defendant is that the trial court erroneous-

*  Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

ly denied their motions for acquittal based upon insufficiency of the evidence. A careful review of the record, taking the view most favorable to the Government, Glasser v. United States, 1942, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680, convinces us that substantial evidence exists to support the jury's verdict of guilty. United States v. Hill, 5 Cir. 1971, 442 F.2d 259, 261; United States v. Reid, 5 Cir. 1971, 441 F.2d 1089, 1090; United States v. Warner, 5 Cir. 1971, 441 F.2d 821, 825.

■■ The core of defendants' insufficiency argument is the assertion that a conviction cannot rest upon the uncorroborated testimony of co-conspirators. They further press as error the failure of the trial court to instruct the jury accordingly. We reject this argument as unsound. Lyles v. United States, 5 Cir. 1957, 249 F.2d 744, 745–746, cert. denied, 356 U.S. 931, 78 S.Ct. 773, 2 L.Ed. 2d 761, *citing* Diggs v. United States, 1917, 242 U.S. 470, 495, 37 S.Ct. 192, 61 L.Ed. 442. *Accord*, United States v. Cabrera, 5 Cir. 1971, 447 F.2d 956. *See also* United States v. Green, 5 Cir. 1971, 446 F.2d 1169, 1172. Moreover, the record discloses substantial corroboration of the co-conspirators' testimony.

■ We are not impressed by the defendants' attacks upon the credibility of the co-conspirator witnesses. It is not within our province to weigh conflicting evidence or evaluate the credibility of witnesses in passing upon the sufficiency of evidence to support a jury verdict. United States v. Jacobs, 5 Cir. 1971, 451 F.2d 530; United States v. Gordon, 5 Cir. 1969, 410 F.2d 1121, 1122; Etheridge v. United States, 5 Cir. 1967, 380 F.2d 804, 809.

■ Finally, Blanchette's claim of error in the denial of his motion for severance gives us little pause. Whether a severance should be granted is within the sound discretion of the trial judge. We find no abuse of discretion here. Opper v. United States, 1954, 348 U.S. 84, 95, 75 S.Ct. 158, 99 L.Ed. 101; United States v. Dryden, 5 Cir. 1970, 423 F.

2d 1175, 1176; Milam v. United States, 5 Cir. 1963, 322 F.2d 104, 110. We have considered the other errors asserted by the defendants and find them to be without merit.

Affirmed.