**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Gonzalo VILLAFANA, Defendant-
Appellant.**

No. 71-2142
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 14, 1972.

Max P. Engel, Miami, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Miami, Fla., by Kenneth G. Oertel, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

Following a plea of not guilty and trial in the District Court, Gonzalo Villafana was convicted on a one-count in-

* Rule 18, 5 Cir., See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

dictment alleging sale of 1.81 grams of cocaine and sentenced to imprisonment for five years. We affirm.

Appellant's primary contention is that the Trial Court committed reversible error by refusing a directed verdict of acquittal on the theory that the evidence established the defense of entrapment as a matter of law. The defendant's own testimony establishes that he initially intended to defraud the Government's undercover agent by selling him a cocaine sample, accepting money in payment for a larger quantity of the narcotic and then failing to deliver as agreed. Such an admission precludes a finding that as a matter of law Villafana was not predisposed to commit the offense or that he was induced to make the sale only by the repeated solicitations of the agent. United States v. Ford, 5 Cir., 1971, 451 F.2d 1163, 1166–1167; United States v. Ramzy, 5 Cir., 1971, 446 F.2d 1184, 1186, cert. denied, 404 U.S. 992, 92 S.Ct. 537, 30 L.Ed.2d 544 [1971].

Moreover, despite the appellant's disclaimer to the contrary, the record reveals a substantial factual dispute on the entrapment issue involving the credibility of the government agent vis-a-vis the credibility of the defendant. We have consistently held that the resolution of conflicting testimony and the inferences to be drawn from it in assessing the defense of entrapment must be left to the jury. United States v. Virciglio, 5 Cir., 1971, 441 F.2d 1295, 1298; United States v. Groessel, 5 Cir., 1971, 440 F.2d 602, 606–607, cert. denied, 403 U.S. 933, 91 S.Ct. 2263, 29 L.Ed.2d 713; United States v. Prieto-Olivas, 5 Cir., 1969, 419 F.2d 149, 151; Pierce v. United States, 5 Cir., 1969, 414 F.2d 163, 168, cert. denied, 396 U.S. 960, 90 S.Ct. 435, 24 L.Ed.2d 425; Cazares-Ramirez v. United States, 5 Cir., 1969, 406 F.2d 228, 230, cert. denied, 1970, 397 U.S. 926, 90 S.Ct. 933, 25 L.Ed.2d 106. Here the jury obviously believed the agent's version of the events in question and disbelieved the defendant. There it ends.

Villafana also argues that his conviction must be reversed because in the opening remarks to the jury the prosecution quoted a statement allegedly made by the defendant while in custody to the effect that he had never intended to deliver a larger quantity of narcotics. This statement, unlike the one involved in Turner v. United States, 5 Cir., 1969, 415 F.2d 1234, 1236, did have a "tangible connection to the prosecution's case." Its truth was subsequently substantiated by the testimony of both the agent (Tr. 53–54) and the defendant himself (Tr. 132–33). The prosecution's preliminary reference to it was not error.

Affirmed.