**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Curtis G. STILLS, Defendant-Appellant.**

**No. 72-2959.**

United States Court of Appeals,
Fifth Circuit.

April 3, 1973.

Paul Carmouche, Shreveport, La., for defendant-appellant.

Donald E. Walter, U. S. Atty., David R. Lestage, Asst. U. S. Atty., Shreveport, La., for plaintiff-appellee.

Before COLEMAN, MORGAN and RONEY, Circuit Judges.

COLEMAN, Circuit Judge:

Curtis C. Stills was charged with the distribution of approximately 0.502

grams of heroin in violation of 21 U.S.C. § 841(a)(1).[1] He was found guilty after a jury trial and at sentencing was found to be eligible for treatment under the Narcotics Rehabilitation Act, 18 U. S.C. 4254.

The appellant raises two contentions of error: first, the District Court should have granted the motion for judgment of acquittal because entrapment was shown as a matter of law; second, the District Court should have sustained the objection to testimony of a government witness as to what he had heard about defendant's reputation for selling narcotics. We affirm.

### Entrapment as a Matter of Law

■ The facts surrounding the alleged sale of the heroin are in dispute. The testimony of two government agents was that the defendant instigated the sale of the heroin; the defendant claims that the government agents asked him to purchase the heroin. The "resolution of conflicting testimony and the inferences to be drawn from it in assessing the defense of entrapment must be left to the jury", United States v. Villafana, 5 Cir., 1972, 455 F.2d 478, 479.

### Testimony of Defendant's Reputation as a Narcotics Peddler[2]

■ Joe King, a cooperating individual, testified in rebuttal as follows:

Q. All right. Have you heard that the defendant has, in fact, dealt in heroin?

A. Yes, sir, I have heard it.

MR. CARMOUCHE: [Defendant's attorney] That's hearsay evidence, Your Honor.

\*    \*    \*    \*    \*    \*

Q. Have you heard the reputation of the defendant, Curtis Stills, either to sell or not to sell heroin, discussed?

A. Yes, sir, I have heard that he was.

Q. You have heard it discussed? [Objection]

A. Yes, sir, I have.

Q. All right. And what was the discussion to what effect? That he sold or did not sell heroin?

A. That he sold.

Defendant contends that such testimony was hearsay. The District Court allowed the testimony on the basis of the decisions in United States v. Robinson, 5 Cir., 1971, 446 F.2d 562, cert. denied, 404 U.S. 959, 92 S.Ct. 323, 30 L.Ed.2d 277, and Thompson v. United States, 5 Cir., 1968, 403 F.2d 209. This action was not error.

In United States v. Robinson, supra, we said:

"Appellant's argument disregards the law of this circuit. We have repeatedly held that once the defense of entrapment is raised the government may introduce hearsay testimony concerning the defendant's past reputation as bearing upon the defendant's predisposition to commit the crime and the reasonableness of the conduct by the government agents. Washington v. United States, 5 Cir., 1960, 275 F.2d 687; Rocha v. United States, 5 Cir., 1968, 401 F.2d 529; Thompson v. United States, 5 Cir., 1968, 403 F.2d 209. Moreover, in the case of Thompson v. United States, supra, this court specifically approved the use of reputation evidence in the form of testimony which the witness gleaned from the reports of a local police department. The district court was therefore correct in admitting the testimony concerning Robinson's past reputation for illegally selling drugs."

The judgment of the District Court is

Affirmed.

---

1. Section 841(a)(1) provides as follows:
   Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, dis-

   tribute, or dispense, a controlled substance.

2. The government offered this testimony as to the defendant's reputation in order to rebut entrapment.