493 F.2d 9
 UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis Mark MITCHELL, Defendant-Appellant.
No. 73-3340 Summary Calendar.*
*Rule 18, 5th Cir. See Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 April 25, 1974, Rehearing Denied May 22, 1974.
 
 Michael L. Russo, Atlanta, Ga. (Court-appointed), for defendant-appellant.
 John W. Stokes, Jr., U.S. Atty., J. Owen Forrester, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.
 Before GEWIN, GODBOLD and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal is taken from a judgment of conviction entered against Dennis Mark Mitchell for violation of 21 U.S.C. 841(a) (1970). The jury found him guilty on each count of a three-count indictment, the first two charging him with unlawful distribution of cocaine on two separate occasions, and the third count charging him with possession with intent to distribute marijuana. We affirm.
 
 
 2
 Mitchell contends that since the evidence established entrapment as a matter of law, the court should have granted his motion to direct a judgment of acquittal; and that it erred in denying his motion for a new trial and in refusing to suppress evidence which he claims was the product of the alleged entrapment. He further contends that the court erred in denying his requested instructions concerning his defense that he was a 'procuring agent.' We reject the argument that the evidence established extrapment as a matter of law, and we find no error in the court's refusal to grant the requested instructions.
 
 
 3
 In United States v. Russell, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973), the Supreme Court held that a jury finding based on evidence of an accused's predisposition to commit an offense is fatal to an entrapment defense. Mitchell's testimony, that the narcotics transactions which formed the basis for his conviction were induced and procured by an informant, Robert W. Isenhour, was diametrically opposed to the testimony of Isenhour. Since no other evidence was adduced as to Mitchell's predisposition vel non to commit the crime with which he was charged, it is apparent that the jury resolved a credibility issue against Mitchell and in favor of Isenhour. We have held that 'the resolution of conflicting testimony and the inferences to be drawn from it in assessing the defense of entrapment must be left to the jury." United States v. Stills, 476 F.2d 592, 593 (5th Cir. 1973) quoting, United States v. Villafana, 455 F.2d 478, 479 (5th Cir.). Moreover, contrary to Mitchell's argument, this principle cannot be disregarded merely because of the allegedly unique circumstances in which the transaction between him and Isenhour took place or the alleged heightened interest of Isenhour in insuring that the narcotics transaction would materialize.
 
 
 4
 Mitchell also maintains that the trial court erred in refusing, over counsel's objection, to instruct the jury on his defense that he was only a procuring agent. Citing Adams v. United States, 220 F.2d 297 (5th Cir. 1955) where, based on the evidence before it, this court deemed the district court in error for failing to give a procuring agent instruction in a prosecution for the sale of heroin, he claims that such an instruction should have been given here. His contention, however, is foreclosed by United States v. Johnson, 481 F.2d 645, 647 (5th Cir. 1973) where this court confronted and rejected the same argument in a prosecution for unlawful distribution of narcotics in violation of 841(a)(1).
 
 
 5
 Finding each of Mitchell's contentions to be devoid of merit, we affirm.
 
 
 6
 Affirmed.