IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10495
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROSS BENAMI-VERA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CR-216-1-A
--------------------
March 27, 2002

Before JONES, SMITH, and EMILIO GARZA, Circuit Judges.

PER CURIAM:[*]

Ross Benami-Vera appeals his conviction and sentence on 12 counts of making false claims to the Internal Revenue Service (IRS). Benami-Vera argues that the district court abused its discretion in admitting 18 tax returns into evidence. He also argues that the district court erred in admitting various documents which were purported to contain his signature. We have reviewed the district court's evidentiary rulings related to each of the challenged exhibits and found no abuse of discretion. United

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States v. McClatchy, 249 F.3d 348, 358 (5th Cir.), cert. denied, 122 S. Ct. 217 (2001).

Benami-Vera argues that there was insufficient evidence to prove that the offenses were committed in the Northern District of Texas. The Government has the burden of establishing venue by a preponderance of the evidence. United States v. Winship, 724 F.2d 1116, 1124 (5th Cir. 1984); United States v. White, 611 F.2d 531, 536 (5th Cir. 1980). The evidence shows that Benami-Vera resided and worked in the Northern District of Texas from 1989 through 1997 and that the refunds were to be sent to the Northern District of Texas. This is sufficient evidence to establish venue. See United States v. Chenault, 844 F.2d 1124, 1131-32 (5th Cir. 1988).

Benami-Vera argues that there was insufficient evidence to support his convictions because the government did not prove that he prepared the fraudulent returns. The standard of review for "evaluating the sufficiency of the evidence supporting a conviction after a bench trial is whether the finding of guilt is supported by substantial evidence, i.e., evidence sufficient to justify the trial judge, as the trier of fact, in concluding beyond a reasonable doubt that the defendant is guilty." United States v. Mathes, 151 F.3d 251, 252 (5th Cir. 1998). There is no dispute that the returns were an attempt to make false refund claims to the IRS. The district court determined that Benami-Vera submitted the false claims because the signatures of the false returns matched the signatures on other documents that the district court found had been signed by Benami-Vera. The district court's conclusive

finding that Benami-Vera signed the false tax returns is sufficient to support the conviction.  See United States v. Ismoila, 100 F.3d 380, 385-88 (5th Cir. 1997); United States v. Cashio, 420 F.2d 1132, 1135 (5th Cir. 1969).

Benami-Vera argues that the district court erred by aggregating 18 of the requested refunds to determine the intended loss from the crime to determine his offense level.  He also asserts that the district court should have used the actual loss to determine his sentence. We review the district court's findings of fact for clear error and its application of the Sentencing Guidelines de novo.  United States v. Anderson, 174 F.3d 515, 524 (5th Cir. 1999).

Benami-Vera concedes that the precedent of this circuit allows the district court to consider the six fraudulent returns filed outside the statute of limitation as relevant conduct.  See United States v. Vital, 68 F.3d 114, 118 (5th Cir. 1995).  Benami-Vera also concedes that § 2F1.1 of the pertinent November 2000 Sentencing Guidelines allows for an offense level based on intended loss, if greater than the actual loss.  At sentencing, the district court rejected Benami-Vera's speculation that "[w]hoever submitted these claims submitted multiple claims each year hoping one would get by."  The district court did not clearly err in determining the amount of loss as the total of all of the refunds requested in the false returns.

**AFFIRMED.**