337 So.2d 1031 (1976)
David Alton LEWIS, Appellant,
v.
STATE of Florida, Appellee.
No. 76-185.
District Court of Appeal of Florida, Second District.
October 6, 1976.
Rehearing Denied October 25, 1976.
Richard D. Mars, Lakeland, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and C. Marie King, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
Is an anonymous tip that an automobile is carrying contraband a sufficient basis for the police to stop an automobile of that description? We hold it is not and reverse the trial court which denied appellant/defendant Lewis' motion to suppress.
On July 21, 1975, in the early afternoon, while on patrol in the south side of Lakeland, Officer Belcher overheard a report on his radio that two white males in a red Volkswagen were selling drugs on the north side of Lakeland outside of Belcher's district. Belcher then heard a report from another officer that a car matching that description was leaving the area of the alleged sale and heading south. Belcher *1032 moved to intercept the car. And when he saw a car and passengers fitting the description, he stopped that car and asked the driver for his license. The driver responded that it had expired. The officer then asked the appellant, who was the passenger, if he was the owner. Appellant replied in the affirmative. Officer Belcher then placed both men under arrest, the driver for driving without a license and the appellant for "allowing an unauthorized person to drive." A subsequent search of appellant by Officer Belcher revealed five packets of heroin in his shirt pocket.
Appellant was charged with possession of a controlled substance. His motion to suppress was denied and he was convicted following a jury trial.
In order to stop an automobile and to request identification from its occupants, it is not necessary for the police to have probable cause. Rather, the police are governed in this respect by Section 901.151, Florida Statutes (1975) (the "Stop and Frisk Law") and Terry v. Ohio, 1968, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. In effect, it is required that the officer have a founded or reasonable suspicion which requires further investigation.[1]State v. Othen, 300 So.2d 732 (Fla.2d DCA 1974). We hold that the circumstances here were insufficient to reasonably indicate that the occupants of the car had committed, were committing, or were about to commit a crime. Section 901.151, Florida Statutes (1975).
Even though Officer Belcher was acting upon a radio dispatch, we must still look to the source of that dispatch and determine its reliability. Whiteley v. Warden, 1971, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306. Here the source of the dispatch was merely an "anonymous citizen." There is no contention that the tip was bolstered by any other reports or observations. In a very similar case, we have held that such an anonymous report from an unknown and untested informant, standing alone, is an insufficient basis to justify a stop. State v. Hendry, 309 So.2d 61, (Fla.2d DCA 1975).
In fact, the state's position is less strong in this case than it was in Hendry. There the informant had given an officer a tag number for the vehicle, and the police were certain of stopping the car described by the informant. Here, the description was only of a red Volkswagen carrying two white males, and the car was stopped at a considerable distance from the scene of the alleged sale of drugs.
The stop being illegal, the resulting arrest and search were fruits of the illegal detention, State v. Hendry, supra, and therefore, on motion, the evidence should have been suppressed.
Reversed.
McNULTY, C.J., and GRIMES, J., concur.
NOTES
[1] We distinguish the principle controlling the case at bar from a police "road block" or similar system of checking drivers licenses as sanctioned in City of Miami v. Aronovitz, 114 So.2d 784 (Fla. 1959). In Aronovitz, the Supreme Court noted it was not passing on the validity of a search of a vehicle which has been intercepted merely for the purpose of examining the license of the driver. Cf., Stephenson v. Department of Agriculture and Consumer Services, 329 So.2d 373 (Fla.1st DCA 1976).