384 So.2d 1310 (1980)
Russell D. TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
No. 79-2152.
District Court of Appeal of Florida, Second District.
June 6, 1980.
Rehearing Denied June 27, 1980.
*1311 Jack O. Johnson, Public Defender, and David A. Davis, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Chief Judge.
The state charged appellant with trafficking in cannabis. He filed a motion to suppress evidence obtained as a result of an allegedly illegal search. The trial court denied the motion, and appellant then pled nolo contendere specifically reserving his right to appeal the denial. On appeal, he contends that the arresting officers illegally stopped him because they did not have a well-founded suspicion of criminal activity.[1] Therefore, he maintains, the trial court should have suppressed evidence recovered as a result of the stop.
To stop and briefly detain a vehicle, an officer must have a "well-founded suspicion" that its occupants might be involved in illegal activity. State v. Payton, 344 So.2d 648 (Fla.2d DCA 1977). The officer's suspicion must be based on observed facts interpreted in light of the officer's knowledge and experience. State v. W.O.R., 382 So.2d 763 (Fla.2d DCA 1980). Thus, the legality of each stop is dependent upon the facts within the detaining officer's knowledge.
The evidence reflects that at approximately 7:45 a.m. Officer Tappan was patrolling a remote area in which he knew airplanes carrying marijuana had landed. He saw an airplane flying low overhead and heard it land nearby. He radioed for officers to block the only two exits from the area. Approximately twenty minutes later, these other officers stopped appellant and his codefendants as they attempted to exit the area in a truck camper and a Trans-Am. The camper, which appellant was driving, carried a Kentucky license tag. Officer Tappan testified that in the hour he remained at the scene of the arrest no other vehicles left or entered the area.
Recently this court issued a decision involving a somewhat similar fact situation in which we reversed the trial court's denial of a defendant's motion to suppress. In Oesterle v. State, 382 So.2d 1293 (Fla.2d DCA 1980), officers had learned that a plane carrying marijuana had touched down in a *1312 nearby field. Access to the field was through a gate on a public highway. The officers stopped Oesterle beyond the gate while he was traveling on the highway. In response to questions by the officers, he confessed to being in the area to pick up contraband. This court held there was no factual basis for the officers' suspicions concerning the defendant's vehicle and that, therefore, the trial court should have suppressed his confession.
In Oesterle, the officers could not connect the defendant to the fields where the contraband lay other than by his proximity to an access gate. The defendant had already passed the gate without giving any indication he planned to enter the field. In this case, however, appellant was exiting a deserted and sealed area in which the officers knew that a plane had just landed and that other planes carrying contraband had landed. By exiting the normally deserted field under these circumstances appellant sufficiently associated himself with the suspicious situation and distinguished himself from the public so as to establish a well-founded suspicion upon which the officers could base the stop. See Mock v. State, 385 So.2d 665 (Fla.2d DCA 1980).
AFFIRMED.
DANAHY and CAMPBELL, JJ., concur.
NOTES
[1] The appellant does not contest the legality of the search itself. After he was detained, Officer Tappan smelled the marijuana through a crack in the window of the appellant's camper. This smell gave the officer ample probable cause to search the vehicle. See Dixon v. State, 343 So.2d 1345 (Fla.2d DCA 1977). Therefore, if the stop was valid, the contraband recovered was admissible evidence.