385 So.2d 735 (1980)
Arthur Randall SANDERS, Appellant,
v.
STATE of Florida, Appellee.
No. 79-1575.
District Court of Appeal of Florida, Second District.
July 9, 1980.
*736 Loyd C. Mosley and Michael Evans, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Chief Judge.
Arthur Randall Sanders challenges the trial court's denial of his motion to suppress tangible evidence. The police seized the evidence from Sanders' automobile after they stopped him on the basis of an anonymous tip. We hold that while the officers validly stopped Sanders, their search of the automobile was invalid. Thus, the court erred in denying Sanders' motion to suppress the contraband found in the automobile. We reverse.
The state charged Sanders with possession of marijuana, cocaine and methaqualone. Sanders moved to suppress the contraband on the ground that the police had illegally seized the contraband because their stop of him and search of his automobile was not valid under the Florida Stop and Frisk law. § 901.151, Fla. Stat. (1979).
Detectives Pasto and Johnson of the Pinellas County Sheriff's Department testified at the suppression hearing. Their testimony disclosed that Pasto had been investigating Sanders for approximately four years in connection with the sale of pornographic materials in adult book stores. Pasto knew that Sanders had an extensive record of arrests for various offenses including aggravated assault, attempted murder, kidnapping and resisting arrest with violence. However, Pasto did not know of Sanders' present whereabouts.
About 1:30 p.m. on April 12, 1979, an anonymous caller telephoned Pasto. The caller told Pasto that Sanders had arrived from Atlanta, Georgia, and had been in Pinellas County for a few days and would remain for another day or two. The caller said that Sanders was staying at a Best Western Motel and was probably using an assumed name. Further, the caller stated that Sanders had seventeen ounces of cocaine in his possession. The informant would neither reveal his name nor permit the conversation to be taped because he was deathly afraid of Sanders. Detective Pasto promptly set out with Detective Johnson to locate Sanders.
After an unsuccessful attempt to locate Sanders at one Best Western Motel, the officers proceeded to another Best Western Motel in the Clearwater area. There, the desk clerk identified Sanders from a photograph the officers were carrying and told them that Sanders was staying at the motel but that the room he was staying in was not registered in his name. The room registration, however, did list a Georgia license tag number for the occupant's automobile. The officers rented the room next to Sanders'. Several hours later Detective Pasto recognized Sanders as Sanders left his room for his automobile. Sanders was carrying an attache case and a white envelope. Detectives Johnson and Pasto ran to Sanders' automobile just as Sanders was getting into it. Johnson drew his gun and ordered Sanders out of the car while Pasto covered Sanders with his weapon. As Sanders complied by moving away from the door he had opened, Detective Johnson reached into the car through that door and retrieved the unsealed envelope which contained a vial of white powder and two plastic straws. He conducted a presumptive test which indicated the white powder was cocaine. Johnson then arrested and searched Sanders after which the officers searched the vehicle and found additional cocaine under the back seat and marijuana and methaqualone in the trunk.
The trial court denied Sanders' motion to suppress this contraband on the authority of State v. Hetland, 366 So.2d 831 (Fla.2d DCA 1979). Sanders subsequently pled nolo contendere reserving the right to appeal denial of his motion to suppress. The court adjudicated him guilty of the three possessory offenses and sentenced him to three concurrent five-year prison terms. Sanders filed this appeal.
Sanders first challenges the validity of the stop contending that the anonymous tip was insufficient to provide the police with *737 the founded suspicion of criminal activity required for a stop under Section 901.151(2), Florida Statutes (1979). See Lewis v. State, 337 So.2d 1031 (Fla.2d DCA 1976). Sanders recognizes that this court in Hetland held that a corroborated anonymous tip can provide the necessary founded suspicion. Yet, he argues that here the information furnished by the informant was not sufficiently detailed and that the police erred in failing to prepare a memorandum of the information contemporaneous with the call. Sanders also contends that the officers did not act with sufficient dispatch in investigating the tip.
We find no merit to Sanders' challenge of the stop. We pointed out in Hetland that while every anonymous tip cannot provide the basis for a stop, an anonymous tip that there is criminal activity afoot will be sufficient if the details in the tip are specific and corroborated by the officers' observations. This, we noted, is true irrespective of whether violence threatens the public safety or a possessory offense such as the present case is involved. 366 So.2d at 833-34. Here, the informant specifically identified Sanders and stated that Sanders was staying at a local Best Western Motel, probably using an assumed name. This provided sufficient details. While we did recommend in Hetland that police officers make contemporaneous records of tips relayed by telephone, we did not hold that failure to record a tip would render it unreliable. Id. at 839. Finally, the detectives acted in a timely manner in corroborating the informant's tip when they promptly located Sanders at a Best Western Motel in a room not registered to him. Id.
Next, Sanders attacks the search of the vehicle which yielded the contraband. He argues that, even assuming the validity of the stop, the seizure of the envelope was not justified and the subsequent search of the automobile was not incident to a valid arrest. We agree.
The officers accosted Sanders under the Florida Stop and Frisk Law. § 901.151, Fla. Stat. (1979). This did not automatically authorize them to frisk Sanders' person or search his automobile.[1]Schnick v. State, 362 So.2d 423 (Fla. 4th DCA 1978). When the officers stopped Sanders, they did not immediately frisk him. He emerged from the vehicle with his hands in the air and complied with the officers' demands by moving away from the driver's door and leaning against the passenger door. Officer Pasto testified that Sanders was wearing tight jeans and a tight shirt and that "[i]t was evident that he had no guns in the front part of his body." The detective also testified that he did not think that Sanders was going to reach into the automobile for a weapon.
At this point Detective Johnson reached inside the automobile and seized the envelope. The officers then arrested and searched Sanders. Since the officers clearly were not concerned that Sanders was armed or would reach into the automobile for a weapon, however, they had no basis under Section 901.151(5), Florida Statutes (1979), to search Sanders' car.[2] Thus, Detective Johnson improperly seized the envelope.
Prior to seizure of the envelope, the officers did not have probable cause to arrest Sanders because neither the informant's *738 tip nor the officers' observations furnished more than a founded suspicion that criminal activity was afoot.[3] Since Detective Johnson improperly seized the envelope, the contraband it contained could not be considered in ascertaining probable cause. Gossett v. State, 188 So.2d 836 (Fla. 1966). Thus, the officers did not have probable cause at the time they arrested Sanders and, therefore, the arrest was invalid.
Following the arrest the officers searched Sanders' automobile and found the additional contraband. Since the search was not incident to a legal arrest, however, the trial court erred in not suppressing the fruits of the search. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 44 (1963).
REVERSED.
GRIMES and CAMPBELL, JJ., concur.
NOTES
[1] Section 901.151(5) provides:

Whenever any law enforcement officer authorized to detain temporarily any person under the provisions of subsection (2) of this section has probable cause to believe that any person whom he has temporarily detained, or is about to detain temporarily, is armed with a dangerous weapon and therefore offers a threat to the safety of the officer or any other person, he may search such person so temporarily detained only to the extent necessary to disclose, and for the purpose of disclosing, the presence of such weapon. If such a search discloses such a weapon or any evidence of a criminal offense it may be seized.
See McNamara v. State, 357 So.2d 410 (Fla. 1978); Ingram v. State, 364 So.2d 821 (Fla. 4th DCA 1978).
[2] Even assuming the officers had grounds under § 901.151(5), Florida Statutes (1979) to search Sanders' person, we do not address the question of whether that would have authorized seizure of the envelope.
[3] The trial court rejected any notion that probable cause was established when it observed that the court's ruling was based on the language in State v. Hetland, 366 So.2d 831 (Fla.2d DCA 1979).