HOBSON, Acting Chief Judge.
Appellant State of Florida appeals the trial court’s order granting appellee Klep-fer’s motion to suppress evidence. The State contends that Manatee County sheriff’s deputies effected a valid stop of Klep-fer’s automobile which led to the seizure of the suppressed evidence. We agree and reverse.
The facts on which the trial court based its order granting suppression are as follows: Deputy Sally Kintz stopped at a Kentucky Fried Chicken restaurant to pick up dinner on her way home from work. A female employee behind the counter appeared nervous and asked Deputy Kintz for help. The employee stated that she was afraid and went on to state:
I know a young man who’s in a lot of trouble and he’s going to get hurt and I don’t want this to happen to him. He’s dealing with drugs ... I saw him today. He showed me what he had in his car. He does all of this, and I’ve got to help him, because if I don’t help him, something terrible is going to happen to him.
The employee indicated to Deputy Kintz that the young man had taken a lot of cocaine and marijuana out of his car and shown it to her. She indicated the size of the packages and the fact that she had touched them. Deputy Kintz inquired as to whether the employee could identify cocaine and whether she had ever used cocaine. The employee replied, “Are your kidding? Doesn’t everyone?”
Deputy Kintz took down information, including Klepfer’s name, date of birth, telephone number, type of vehicle and tag number and the address where he might be found. The employee stated that she wished to remain anonymous.
*276 Deputy Kintz proceeded directly to her home and called Detective William Steube, giving him the information at approximately 5:45 p. m. Detective Steube contacted Sergeant George Harris and advised him of the information concerning Klepfer. Detective Harris replied that, several days before, a man had come into his (Harris’) office, stating that he wished to remain anonymous and wanted to give information about someone in his family who was involved with a large amount of marijuana. The informant claimed that he had seen Klepfer bring marijuana into the house and had seen marijuana in the trunk of Klep-fer’s car. He further stated that he wanted to “help the boy out and get it stopped.”
Detectives Harris and Steube proceeded immediately to the area of appellee’s home and observed him outside his residence with several other persons. Detective Steube recognized Klepfer because, several months earlier, Steube had taken a burglary report from him. Also, Klepfer’s appearance, the description of his car and address matched the information received from Deputy Kintz.
The detectives began surveillance of the home and automobile at approximately 7:00 p. m. and continued doing so until 7:25 p. m. when they observed Klepfer enter his vehicle and two other persons enter a Datsun pickup truck. Both vehicles proceeded away from the house. Detective Harris followed the Datsun and Detective Steube followed Klepfer’s automobile.
Detective Steube stopped Klepfer’s vehicle, identified himself as a law enforcement officer, and advised Klepfer that he had reason to believe that Klepfer was carrying illegal narcotics in his vehicle. At that point, Detective Harris returned to the scene and Detective Steube asked Klepfer if they could search the automobile. Klepfer replied affirmatively as to the interior of the automobile but denied permission to search the trunk. The detectives conducted a search of the interior of the vehicle and found a plastic baggie of cocaine in the console. Detective Steube read Klepfer his Miranda rights and advised that he was under arrest at that time for possession of cocaine. Subsequently, the search was resumed and a plastic baggie containing marijuana residue was found hanging on the passenger doorknob and a matchbox containing a marijuana cigarette was located next to the driver’s seat. The officers then obtained the trunk keys, opened the trunk, and discovered two large plastic bags of marijuana and five bags of cocaine.
The question before us is whether the initial stop of Klepfer’s automobile was valid. Events which transpired after the stop are not in question, inasmuch as Klep-fer consented to the search of the interior of his vehicle. The standard by which we judge an investigatory stop of an automobile is whether the law enforcement officers had “a well-founded suspicion” that the occupant of the vehicle might be involved in criminal activity. Taylor v. State, 384 So.2d 1310 (Fla. 2d DCA 1980); Mock v. State, 385 So.2d 665 (Fla. 2d DCA 1980); State v. Baxter, 378 So.2d 1339 (Fla. 2d DCA 1980).
An anonymous tip can provide the “well-founded suspicion” to justify an investigatory stop if the information carries sufficient indicia of reliability. State v. Hetland, 366 So.2d 831, 839 (Fla. 2d DCA 1979).[1] In that case, this court stated:
We believe that one such indicium is the specificity of the information given .... Such detail carries a strong indication that the information is based on the personal observation of the informant. Moreover, the information is corroborated when officers act promplty and find an individual in the named location who exactly fits the description ....
The anonymous tips received by law enforcement officers in the instant case were clearly specific with regard to Klepfer’s description, the make, color and tag number of his automobile, the address where he could be located, and nature of the criminal activity in which he was engaged. Further, *277 the information was fresh and within the personal knowledge of the informants. Detectives Steube and Harris promptly corroborated the information when they arrived at the reported address and observed both Klepfer and his automobile.
We hold that the initial stop of Klepfer’s automobile was valid and that the trial court erred in granting the motion to suppress evidence. We therefore reverse the order suppressing evidence and remand this cause to the trial court for further action not inconsistent with this opinion.
REVERSED.
OTT and DANAHY, JJ., concur.

. Aff'd, 387 So.2d 963, (Fla.1980).