406 So.2d 79 (1981)
STATE of Florida, Appellant,
v.
James LEWIS, Appellee.
No. 81-1342.
District Court of Appeal of Florida, Second District.
November 18, 1981.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellant.
Durand J. Adams of Adams, DeVilbiss, Vorbeck & Wood, Bradenton, for appellee.
GRIMES, Judge.
The state challenges an order granting a motion to suppress.
Deputy Sheriff Dickinson and Assistant State Attorney Coggin were in a patrol car parked outside the Crown Lounge in Sarasota at 1:15 in the morning. They noticed a man come out of the lounge, which was still open, and walk to the rear of a pickup truck. He pushed aside a fishnet and took a large red toolbox out of the bed of the truck. He then went immediately to an El Camino pickup truck which was parked about 20 feet away with its motor running. He threw the toolbox in the passenger compartment and jumped in beside it. The truck then pulled away rapidly, reaching a speed of 45 to 50 miles per hour before it left the parking lot. As it drove down the street, it swerved erratically across the center line several times. By this time, Dickinson and Coggin were following, and they pulled the El Camino over. There were two men in the truck, one of whom was appellee, the driver. After questioning, the deputy arrested them for stealing the toolbox.
The court granted the motion to suppress on the premise that the deputy did not have a founded suspicion upon which to base the stop of appellee. In making his ruling, the judge noted that everything Dickinson and Coggin had observed was as consistent with innocence as it was with guilt because they had no way of knowing whether appellee or his companion owned the toolbox. If it were a question of guilt or innocence, the court's comments might have been well taken. However, the question here is simply whether the deputy had a well-founded suspicion that appellee had been engaged in criminal activity. Taylor v. State, 384 So.2d 1310 (Fla. 2d DCA 1980); State v. Payton, 344 So.2d 648 (Fla. 2d DCA 1977). We are convinced that he did.
*80 Deputy Dickinson saw more than the simple transfer of a toolbox from one vehicle to another. Appellee was ready with the motor running when his accomplice threw the toolbox into the vehicle. Contrary to what might have been expected, the toolbox was not placed in the bed of the El Camino but rather was put in the single-seat passenger compartment along with the two occupants. The truck immediately pulled away at a high rate of speed and was driven in an erratic manner. Appellee contends that the manner in which the vehicle was driven is irrelevant because the evidence reflects that Deputy Dickinson had decided to stop the vehicle once he saw the toolbox taken. However, for purposes of deciding whether there is sufficient evidence to support a well-founded suspicion, a court should consider all of the facts known to an officer up until the time he makes the stop. For aught we know, if appellee had driven his vehicle in a responsible manner, the deputy might have changed his mind about making the stop.
This is not a case of an appellate court second-guessing the trial judge. The evidence here was entirely undisputed. The trial judge, himself, observed that he would have been inclined to deny the motion were it not for his recollection of the case of Lower v. State, 348 So.2d 410 (Fla. 2d DCA 1977), in which this court reversed his denial of a motion to suppress. Yet, in Lower the only justification given for the stop was that an automobile which had been parked in a business area parking lot at night after closing hours pulled away at a faster than normal rate of speed (but not in excess of the speed limit) when a police cruiser drove by. Thus, unlike the present case, there were no facts which would elicit the reasonable suspicion that the occupants of the vehicle had committed or were about to commit a crime.
We reverse the order granting the motion to suppress and remand the case for further proceedings.
HOBSON, A.C.J., and BOARDMAN, J., concur.