# DOERCHUK v STATE OF FLORIDA

Case No. 86-8603-CA-03-N

Seventh Judicial Circuit, Volusia County

May 21, 1987

## APPEARANCES OF COUNSEL

**Steve Mahoney** for appellant.
**Steve Levin** for appellee.

## OPINION OF THE COURT

EDWIN P.B. SANDERS, Circuit Judge.

This is an appeal by the defendant from an order denying defendant's motion to suppress any and all statements and information obtained by the Orange City Police Officers after defendant's automobile was stopped by the Orange City Police. The two issues on appeal are: (1) whether the officers had a reasonable suspicion to stop the defendant's vehicle, and (2) whether the court committed fundamental error by placing the burden of proving the validity of the warrantless stop upon the defendant.

Order affirmed.

On June 4, 1986, Officers Hobbs and Combs, Orange City Police Department, responded to a report over the radio that there was a possible fight at Daly's Bar and that the suspect, a white male wearing a yellow shirt, was possibly armed with some sort of weapon. Approximately one minute after the dispatch, Officer Hobbs arrived at the bar and John Daly, whom he recognized as the bar owner, was pointing to an automobile that was still in the parking lot. Officer Hobbs noted that the driver was wearing a yellow shirt, but did not notice whether the driver was a white male. Hobbs followed the driver-defendant's car and promptly stopped him. Officer Combs, upon his arrival in his own police vehicle, observed Officer Hobbs in pursuit of a vehicle, and assisted in the stopping of the defendant's vehicle without visiting Daly's Bar beforehand.

The defendant was arrested and was issued traffic citations for driving under the influence of alcoholic beverages and failure to change the address on his driver's license within 10 days of moving. The defendant entered his plea of not guilty and filed a motion to suppress all information obtained by the investigating officers on the ground that the initial stop of the vehicle was illegal.

When the defendant's motion came for hearing, the Court posed a question to both counsel. The court asked: "Who has the burden of going forward?", to which the State replied: "I believe the defense does, your Honor." Without objection, counsel for the defendant immediately called as his first witness, Officer Hobbs. At the close of the evidence, the Court held that the officers had reasonable suspicion to stop the vehicle and thus denied the defendant's motion to suppress. Subsequently, the defendant filed this appeal in which he raises two issues: First, whether the officers had a founded or reasonable suspicion to stop the defendant's vehicle and second, whether the court committed fundamental error by placing the burden of proving the validity of the warrantless stop upon the defendant?

In response to the first issue, the lower court correctly held that the

**143**

officers' suspicion was reasonable. In order to stop an automobile and to request identification from its occupants, the police officer need not have probable cause but rather, a founded or reasonable suspicion which requires further investigation. *Lewis v. State*, 337 So.2d 1031 (Fla. 2d DCA 1976). Unlike *Lewis*, where the court held that reasonable suspicion was lacking where the source of the dispatch was merely an anonymous tip that a red Volkswagon carrying two white males was carrying contraband, under the instant facts, the source of the dispatch was not anonymous, but was standing immediately outside the scene of the alleged disturbance awaiting the officers' arrival. Moreover, in *Lewis*, the Volkswagon was stopped at a considerable distance from the scene of the alleged sale of drugs, thus increasing the risk of mistaken identity. Under the instant facts, such risk was absent as the owner, John Daly, was pointing the officers toward a car in the bar parking lot where a white male in a yellow shirt was sitting.

The standard by which to judge an investigatory stop of and automobile is whether the officers have a "well-founded suspicion" that the occupant of the vehicle might be involved in criminal activity. *State v. Klepfer*, 392 So.2d 275 (Fla. 2d DCA 1980); *Taylor v. State*, 384 So.2d 1310 (Fla. 2d DCA 1980). Considering the totality of the circumstances, especially noting that the radio report stated that the suspect might be armed with a weapon, this standard is satisfied.

In response to the second issue: Whether the court erred in placing the burden of proving the validity of the warrantless stop upon the defendant, we answer in the affirmative; but such error is not fundamental as appellant suggests.

The Court was evidently proceeding upon the well-known procedural rule that "the burden rests on the proponent of a motion to support it by evidence." (22A C.J.S. *Criminal Law* § 578, p. 327), however, the burden of proof as to the validity of a warrantless search is always on the State, *State v. Hinton*, 305 So.2d 804 (Fla. 1st DCA 1974); *Sarga v. State*, 322 So.2d 593 (Fla. 1st DCA 1975); *Dargans v. State*, 259 SO.2d 782 (Fla. 2d DCA 1972) (burden is on State to prove every fact relied upon for conviction, including admissibility of evidence). But the absence of a timely objection precludes consideration of this issue on appeal. Counsel asserts on appeal that such error, being of constitutional dimension, is fundamental, but cites no authority for that proposition. While Florida courts have not addressed this particular issue, the Florida Supreme Court's holding in *Clark v. State*, which addressed a related issue, is dispositive of this point on appeal. In *Clark*, the Florida Supreme Court held that a contemporaneous objection was necessary to preserve as a point on appeal an improper

144

comment on a defendant's exercise of his right to remain silent. According to the court, while such comment is constitutional error, it is not fundamental error. The Florida Supreme Court has consistently held that constitutional errors, other than those constituting fundamental error, are waived unless timely raised in the trial court. *Sanford v. Rubin*, 237 So.2d 1344 (Fla. 1970). "Fundamental error," which can be considered on appeal absent objection in the lower court, is error which goes to the foundation of the case or goes to the merits of the cause of action. *Clark*, supra, at 333. *Cf. Chapman v. California*, 386 U.S. 18 (1967); *Doyle v. Ohio2rf, 426 U.S. 610 (1976)*.

Affirmed.