PER CURIAM.
The State appeals an order of the trial court granting defendant’s motion to suppress evidence. We reverse.
While on patrol in an unmarked car, a police officer observed the defendant driving a car with four mismatched wheels, each held on by a single lug nut. Based on past experience with stolen vehicles, the officer suspected that the car had been stolen and began to follow at a close distance while making a computer check of the license number. Defendant ran a red light and the police officer pursued at high speed, after activating his siren and lights. The defendant abandoned the vehicle, fled on foot, and was promptly apprehended. In the meantime the computer check revealed the car was stolen. Defendant was charged with grand theft and resisting an officer without violence.
The defense moved to suppress evidence with respect to the stolen car, arguing that the police officer intentionally provoked defendant into committing a traffic violation in order to supply a pretext for a stop. The defense postulated that defendant had been provoked into flight because the police officer had followed him very closely in an unmarked car, thus leading defendant to have a reasonable fear that he was being trailed by unknown potential assailants. The defense urged that the defendant was therefore privileged to run a red light and flee. The trial court agreed, granted the motion, and suppressed all evidence relating to the pursuit and the stolen vehicle.
We respectfully disagree with the trial court and conclude that the motion to suppress should have been denied. First,
[p]olice may stop and investigate a motor vehicle when there is a “founded” suspicion of criminal activity in the mind of the police officer. Lewis v. State, 337 So.2d 1031 (Fla. 2d DCA 1976), cert. denied, 345 So.2d 427 (Fla.1977). See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). “A ‘founded suspicion’ ... has some factual foundation in the circumstances observed by the officer, when those circumstances are interpreted in the light of the officer’s knowledge.” State v. Stevens, 354 So.2d 1244, 1247 (Fla. 4th DCA 1978).
Kehoe v. State, 521 So.2d 1094, 1095-96 (Fla.1988); Taylor v. State, 384 So.2d 1310 (Fla. 2d DCA), review denied, 392 So.2d 1380 (Fla.1980). Here, the initial observations of the automobile gave the officer founded suspicion to stop the defendant because the circumstances indicated the vehicle was very likely stolen. The officer also had good ground to stop the defendant for the obvious safety consideration posed by a vehicle being driven on the public street with wheels insufficiently attached. See § 316.610, Fla.Stat. (1987). That the officer elected to check the license number through the computer did not vitiate the already existing founded suspicion to make the stop.
Second, we do not agree that the following of defendant by an unmarked car could constitute provocation that would in some fashion force the defendant to run a red light and precipitate a high-speed chase. See Michigan v. Chesternut, 486 U.S. -, 108 S.Ct. 1975, 100 L.Ed.2d 565 (1988) (the presence of a police car driving parallel to a running pedestrian does not communicate to the reasonable person an attempt to capture where neither flashers nor siren has been activated and the surveillance is triggered by a suspicion of criminal activity). The unreasonableness of the defense position is heightened by defendant’s failure to halt as soon as the *456 police officer activated his lights and siren after the red light was run. At that point the defendant was not fleeing from hypothetical unknown assailants but from the police, who by then had additional good cause to stop him.
Third, even if we were to credit defendant’s theory that he was provoked into committing a traffic violation, the automobile nonetheless could not be suppressed as the fruit of the poisonous tree. At the very outset the officer had reasonable cause to believe that the car was stolen, and observed the defendant driving it. The computer check, initiated prior to the chase, eventually confirmed that the car was stolen. None of that information was a product of the allegedly wrongful police conduct. See State v. Mosier, 392 So.2d 602 (Fla. 3d DCA 1981).
Accordingly, we reverse.