FRANK, Acting Chief Judge.
Robert Lencsak has appealed from the denial of his motion to suppress, contending that the police improperly searched a paper bag in his possession which ultimately was found to contain marijuana. We reverse.
In the early morning hours two police officers standing in the parking lot of the city hall in Punta Gorda observed Lencsak ride by on a bicycle and throw a soda can to the ground. The officers stopped him and issued a citation for littering. They demanded that he reveal the contents of a paper bag he was carrying on his handlebars. Lencsak told them that the bag contained a pair of pants, and one officer requested that he open the bag for inspection. Lencsak placed the bag on the ground and opened it to reveal that there was, indeed, a pair of pants inside. Not content with this disclosure, however, the second officer shined his flashlight inside and illuminated a baggie of marijuana. The marijuana was seized, Lencsak was arrested, a nolo plea was entered, and this appeal was initiated.
At the suppression hearing the police officers attempted to justify their search of the bag on the basis of officer safety. The trial court concluded that the search was legal because it was a night time confrontation with a person carrying a sizable container of unknown contents. Both officers testified, however, that the presence of the bag did not alarm them. One stated that he had no specific indication that Lencsak might have been carrying a weapon, but in the darkness of early morning he treats all individuals as if they might be carrying a weapon. The second officer testified similarly: although the bag did not immediately arouse his suspicions, he was “concerned with any container that could possibly carry a weapon.” The officers’ concern for their safety, if any, was thus based upon a generalized view of the events rather than upon specific factors inducing the belief that Lencsak was carrying a weapon or was dangerous.
We find no problem with the initial stop in this case; however, as we noted in Thomas v. State, 533 So.2d 861, 862 (Fla. 2d DCA 1988),
Although we think the stop was proper, the right to search does not automatically follow once the right to detain is established. Sanders v. State, 385 So.2d 735, 737 (Fla. 2d DCA 1981). A frisk or pat-down incident to an investigatory stop may be conducted only where the officer has probable cause to believe that the person detained is armed with a dangerous weapon. § 901.151, Fla.Stat.
This case is similar to J.R.H. v. State, 428 So.2d 786 (Fla. 2d DCA 1983). When confronted with a juvenile who had a brown suede satchel attached to his belt, the officer asked the youngster what was in it, and he voluntarily turned over its contents — marijuana cigarettes. We held that the officer’s inquisitiveness exceeded the extent of inquiry or search permitted by section 901.151, Florida Statutes (1981), the Stop and Frisk Law. At most, the officer “could have asked appellant if the bag contained a dangerous weapon or could have conducted a pat-down search of the bag,” 428 So.2d at 787-88. We find additional support for our result in State v. Gary, 466 So.2d 1199 (Fla. 3d DCA 1985), in which the court held that the police had no justification to search a woman’s handbag without first conducting a pat-down for weapons.
Having properly stopped Lencsak after observing him litter, the officers — if indeed *884 they possessed a reasonable fear that he was armed with a dangerous weapon— would have been justified in conducting a pat-down of him and the paper bag. The full search they conducted in this case was impermissible, however, and the evidence should have been suppressed.
Reversed.
HALL and ALTENBERND, JJ., concur.